

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 30, 1971

Honorable Hugh C. Yantis, Jr.  Opinion No. M-822
Executive Director
Texas Water Quality Board  Re: The State of Texas
1108 Lavaca Street  Water Pollution Control
Austin, Texas 78701  Compact

Dear Mr. Yantis:

We quote your recent opinion request:

"Section 8 of the Federal Water Pollution Control Act, 33 U.S.C. 1158, establishes a program whereby the federal government may "make grants to any State, municipality, or intermunicipal or interstate agency for the construction of necessary treatment works to prevent the discharge of untreated or inadequately treated sewage or other waste into any waters and for the purpose of reports, plans, and specifications in connection therewith.

"The basic federal grant which may be made may not exceed 30% of the estimated reasonable cost of the project. However, under clause (7) of Section 8(b) of the Act, the federal grant may be increased to a maximum of 50% of the estimated reasonable cost of a project if the state in which the project is to be constructed agrees to pay not less than 25% of the estimated reasonable costs of all projects for which federal grants are to be made.

"Section 8(f) of the Act authorizes the federal grant to be further increased by an additional 10% of the grant for any project which has been certified by the state or other specified agency of the state as being in conformity with the comprehensive plan developed or in process of development for a metropolitan area in which the federal construction assistance is to be used.

"The United States Congress has authorized and appropriated substantially increased amounts of funds for the construction assistance program established under Section 8 of the Federal Water Pollution Control Act. These additional funds are available to increase the federal partici-

-3981-

pation in projects in those states which provide for the 25% state participation specified in clause (7) of Section 8(b) of the Act. If the State of Texas within the next few weeks can establish a state construction assistance program acceptable to the federal government, there would be an additional amount of approximately $9,000,000 available to increase to the 50% or 55% grant level the federal participation in the cost of treatment works projects awarded grants from funds appropriated for the 1970 federal fiscal year, and approximately $31,000,000 for projects awarded grants from funds appropriated for the 1971 federal fiscal year. It would be expected that projects to be awarded grants from funds appropriated for the 1972 and subsequent federal fiscal years would be eligible to receive these higher levels of federal assistance so long as Congress continues to appropriate the necessary funds and the state continues its required level of participation.

"If an acceptable interim state construction assistance program cannot be established within the next few weeks, the approximately $40,000,000 in 1970 and 1971 federal funds which would otherwise be available to increase the grants to projects in this state will lapse and will be reallocated to other states.

"At the present time, there is no legislation authorizing the Texas Water Quality Board to establish a construction assistance program which would enable this state to qualify for the increased federal assistance, although a proposed constitutional amendment to authorize the establishment of such a program will be submitted to the voters of the state on May 18, 1971, and enabling legislation has been introduced in the current session of the Legislature. During the interim, until such time as a state construction assistance program administered by the Texas Water Quality Board can be established, several river authorities and municipal water districts in the State have entered into a Water Pollution Control Compact to serve as the State Agency to provide the state financial assistance required under Section 8(b) of the Federal Water Pollution Control Act. A copy of the compact is attached, along with a copy of an order passed by this agency approving and confirming the compact.

"With respect to the facts outlined above, we respectfully request your opinion on the following questions:

    1. Is each of the signatories to the compact an agency of the State of Texas?

2.  Are the signatories to the compact authorized
    by law to pay, pursuant to the compact, for
    and on behalf of the State of Texas, not less
    than 25% of the estimated reasonable costs of
    all projects in this state for which federal
    grants are to be made pursuant to clause (7)
    of Section 8(b) of the Federal Water Pollution
    Control Act?

3.  Are the signatories to the compact authorized
    to issue bonds to make the payments for all
    projects in accordance with the provisions of
    the compact?"

Your principal concern appears to be whether the State
of Texas will be able to qualify, at least on an interim
basis, for increased federal grants for projects awarded
federal grants from funds appropriated for the 1970 and 1971
federal fiscal years. After substantial research, we have
concluded that the State will be able to so qualify and it
is our opinion that each of the questions propounded should
be answered in the affirmative.

The signatories to the compact are as follows: North
Texas Municipal Water District, San Antonio River Authority,
Gulf Coast Waste Disposal Authority, Sabine River Authority
of Texas, Colorado River Municipal Water District, Red River
Authority of Texas, Brazos River Authority, Guadalupe-Blanco
River Authority, and Upper Guadalupe River Authority.

You have submitted to us a copy of a document entitled,
"The State of Texas Water Pollution Control Compact", dated
March 26, 1971, with the signatories to said Compact collec-
tively being designated as "The Agency" under said Compact.
Also you have submitted to us a copy of Board Order No. 71-
0326-10, passed by your Board, approving and confirming said
Compact, and requesting the Attorney General's opinion con-
cerning the authority of The Agency to pay, and agree to pay,
for and on behalf of the State of Texas, pursuant to the
aforesaid Compact, not less than 25% of the estimated costs
of all water pollution control projects in this State for
which Federal grants are to be made pursuant to clause (7)
of subsection (b) of Section 1158 of Title 33 of the United
States Code, as amended.

We are of the opinion that each of the signatories to
said Compact is an officially designated and lawfully consti-

tuted agency of the State of Texas, Lower Colorado River
Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935);
Lower Colorado River Authority v. Chemical Bank & Trust
Co., 185 S.W.2d 461 (Tex. Civ. App. 1945, aff. 144 Tex.
326, 190 S.W.2d 48).

These agencies are created by law pursuant to Article
XVI, Section 59, Constitution of Texas; collectively these
signatories, for the purposes being herein considered,
constitute an agency of the State of Texas authorized by
law to pay, and who agree to pay, for and on behalf of the
State of Texas, not less than 25% of the estimated reason-
able costs of all projects in the state for which federal
grants are to be made pursuant to clause 7 of Section 8(b)
of the Federal Water Pollution Control Act.

This office has previously held that a county and a
city had the implied authority to contract and jointly
sponsor various activities required by the Office of Eco-
nomic Opportunity of a community action agency where each
political subdivision exercised severally only those powers
each possessed individually. Attorney General Opinion M-689
(1970). The same holding would be applicable to such agencies
of the state as river authorities and municipal water districts.
60 Tex. Jur.2d 747, Waters, Secs. 381 & 382.

We are further of the opinion that said Compact is valid
and binding upon the signatories thereto in accordance with
its terms, and that said signatories are authorized by Art-
icle 7621g, Section 10, Vernon's Civil Statutes, to issue
bonds to make the payments for all such projects in accord-
ance with the provisions of said Compact.

## S U M M A R Y

The signatories to the State of Texas Water
Pollution Control Compact (certain river authorities
and municipal water districts) are officially desig-
nated and lawfully constituted governmental agencies
of the state pursuant to Article XVI, Section 59,
Constitution of Texas. For the purposes herein con-
sidered, they may collectively act as such an agency
authorized by law to pay, and agree to pay, for and
on behalf of the State of Texas, not less than 25%
of the estimated reasonable costs of all projects
in the state for which federal grants are to be made
pursuant to clause 7 of Section 8(b) of the Federal

Water Pollution Control Act. The signatories
may issue bonds under Section 10 of Article
7621g, Vernon's Civil Statutes, to make the
payments for all projects in accordance with
the provisions of the Compact.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
NOLA WHITE
First Assistant

Prepared by Joseph H. Sharpley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
A. J. Gallerano
Z. T. Fortescue III
J. C. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant